**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 5, 2010

Lyle W. Cayce
Clerk

No. 09-60752

UNITY COMMUNICATIONS CORPORATION,

Plaintiff - Appellant,

v.

AT&T MOBILITY LLC,

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi, Hattiesburg Division
USDC No. 2:03-CV-115

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

This appeal arises from the district court's final judgment granting AT&T Mobility LLC's (ATTM) motion for partial summary judgment and dismissing Unity Communications Corporation's (Unity) claims with prejudice.

At the close of discovery, ATTM moved for partial summary judgment, arguing that the record fails to support Unity's breach-of-contract and tortious breach-of-contract claims and that the Reseller Agreements' damages-limitation provision permits recovery of only benefit-of-the-bargain damages. In a lengthy

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 09-60752

and thorough published order, the district court granted ATTM's motion for partial summary judgment and dismissed Unity's breach-of-contract and tortious breach-of-contract claims with prejudice. *See Unity Commc'ns, Inc. v. AT&T Mobility, LLC*, 643 F. Supp. 2d 829 (S.D. Miss. 2009).   Unity subsequently stipulated "that the only damages it seeks in this action are the damages advanced in the record which fall within the damages limitation provisions."  The district court thereafter modified its order to dismiss Unity's claims on "the additional ground that Unity has failed to establish the essential element of damages."

In addressing Unity's breach-of-contract claim, the district court rejected Unity's argument "that ATTM breached Section 2(a) of the Reseller Agreements by selling service to its own retail stores at better rates than those given to Unity":

> There is absolutely no factual support for Unity's claim in this regard.  There is no evidence that the ATTM's retail stores were "resellers."  ATTM's witnesses have testified that no such reseller relationship existed between ATTM and its retail stores.  ATTM simply sold its products and services directly to retail customers through its stores.  Unity's witnesses who testified as to what they "thought" or what they "believed" about the retail stores' affiliation with ATTM is nothing more than rank speculation without a basis in the facts.
>
> Nor were ATTM's retail stores "customers" within the meaning of Section 2(a), contrary to Unity's claims.  Unity purchased service from ATTM and then repackaged, rebranded, repriced, and resold service to Unity's customers, while the ATTM retail stores did not "purchase" cellular service from ATTM, they simply sold ATTM service directly to customers.  A plain reading of Section 2(a) makes it clear that ATTM was only required to offer Unity the same rates (taking into account volume discounts) as ATTM offered other resellers and similarly situated customers, which ATTM's retail customers were not.  The contract is crystal clear on this issue and Unity's attempt to create an ambiguity therein fails.

No. 09-60752

The district court similarly rejected Unity's tortious breach-of-contract claim:

> Unity can point to no real evidence that ATTM acted with malice or with gross or reckless disregard for Unity's rights. Unity's principles, Ingam, McKibben and Phillips, all testified that they knew of no evidence of intent by ATTM to harm Unity. Counsel's argument to the contrary is simply without merit. There is simply no evidence in the record which creates a genuine dispute that ATTM acted with malice, gross negligence or reckless disregard toward Unity. The tortious breach claim thus fails.

With respect to ATTM's damages-limitation argument, the district court noted that the issue is relevant only to Unity's remaining claim for breach of the implied covenant of good faith and fair dealing because it had just dismissed the other claims. In support of this claim, Unity argued that the damages-limitation provisions do not apply to such a breach because it is an extra-contractual tort under Mississippi law. After a careful analysis of Mississippi law, the district court rejected Unity's argument because "the breach of the implied duty of good faith and fair dealing in this contract case is not a tort under Mississippi law, thus there is no reason to impose Mississippi tort law on this action." Accordingly, the district court applied Georgia law, as required under the Reseller Agreements' choice-of-law provision, and based on that law, concluded that "the damages limitation provisions of the Reseller Agreements . . . clearly and unambiguously limit the types of damages available to Unity."

We agree with the district court. Accordingly, we AFFIRM the judgment of the district court essentially for the reasons stated in the district court's careful and thorough order, dated July 17, 2009, as modified by its order dated September 15, 2009.